**TRANSNOR (BERMUDA) LIMITED, Plaintiff,**

v.

**BP NORTH AMERICA PETROLEUM, Conoco Inc., Shell Oil Company, BP Oil International Ltd., Conoco (U.K.) Ltd., Shell U.K. Ltd., Shell International Trading Co., and Exxon Corporation, Defendants.**

**86 Civ. 1493 (WCC).**

United States District Court, S.D. New York.

April 18, 1990.

Edward J. Swan, New York City, for plaintiff.

Davis, Markel & Edwards, New York City, for defendants Conoco Inc. and Conoco (U.K.) Ltd.; Gregory A. Markel and David Dunn, of counsel.

Sullivan & Cromwell, New York City, for defendant Exxon Corp.; William E. Willis, Gandolfo V. DiBlasi and William J. Snipes, of counsel.

### OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

This action is presently before the Court on defendants' motion *in limine* to exclude from trial plaintiff's proffered expert testimony that defendants violated the United Kingdom's tax laws or, alternatively, to limit such testimony.[1] Defendants' motion is predicated upon on the grounds that the testimony (i) is irrelevant because it does not provide a logical basis from which a jury could reasonably infer that defendants had a motive to conspire; (ii) is irrelevant

---

1. The Court presumes familiarity with the relevant facts and law presented at length in the accompanying Opinion denying summary judgment.

because it does not tend to prove that defendants had a motive to conceal antitrust conspiracy or commodities manipulation; (iii) is irrelevant because it is not probative of whether the challenged trades were manipulative commodities transactions; and (iv) even if relevant, should be excluded because its probative value is substantially outweighed by the danger that its admission would be unfairly prejudicial and would confuse the issues and mislead the jury.

The crux of plaintiff Transnor (Bermuda) Limited's claim is that defendants Exxon Corporation, Conoco Inc. and Conoco (U.K.) Ltd. conspired to sell and purchase Brent crude oil at below-market prices to carry out a scheme to depress crude oil prices, in violation of the Sherman Anti–Trust Act, 15 U.S.C. §§ 1 *et seq.* (1988) and the anti-manipulation provisions of the Commodity Exchange Act, 7 U.S.C. §§ 1 *et seq.* (1988 & Supp.1989). Transnor maintains that the conspiracy and manipulation was accomplished through the practice of "tax spinning"—the sale of Brent by an integrated oil producer to a third party and the substantially simultaneous purchase of a similar quantity and grade of oil from the third party or a different party at substantially the same price. Defendants do not dispute their tax-spinning transactions nor do they dispute the economic incentives to engage in such trading, namely, to achieve tax "certainty" on their sales of Brent Oil and to pay petroleum revenue tax on the basis of the spin-sale price rather than on the basis of a government estimated average market price.

Transnor proffers expert testimony that defendants violated the petroleum revenue tax laws of the United Kingdom by improperly reporting certain sales of Brent equity crude oil as "arm's-length" transactions. Defendants deny the illegality of their tax spin sales, citing the British Internal Revenue's Oil Taxation Office's subsequent approval of their transactions. Plaintiff maintains that defendants' distinctive practice of portfolio spinning was illegal and that defendants believed their actions to be improper.

Under its antitrust claims, Transnor must prove that defendants conspired to engage in improper activity, with the foreseeable consequence of depressing Brent Market prices, and that the decline in price caused economic injury to plaintiff. The proffered testimony of U.K. tax experts, James Bentley and Stephen Oliver, Esq., that defendants lacked reasonable grounds to believe their tax-spin sales could be at arm's length, tends to prove that defendants believed they were part of an illegal tax-fraud conspiracy and that, consequently, they had the motivation to further and conceal that conspiracy. Under its commodity claims, Transnor must prove that defendants avoided a *bona fide* market position without believing their actions to be legitimate. The proffered testimony that defendants' lacked reasonable grounds to believe tax spins proper, makes it more probable that defendants acted without a "legitimate market purpose."

Defendants argue that a violation of U.K. tax law does not show a motive to conspire or conceal the alleged antitrust conspiracy or commodities manipulation. The Court disagrees. Plaintiff's proffered evidence of defendants' tax fraud is central to plaintiff's proof of conspiracy and commodities manipulation and plainly relevant under the inclusive standard of Fed.R.Evid. 401 which defines as "relevant,"

> ... evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Where evidence even remotely tends to establish conspiracy, the trial court has wide discretion and must allow "the jury to scrutinize the behavior of the defendant[s] in its entirety and understand the intent, motive, and method behind its activities." *Bray v. Safeway Stores, Inc.,* 392 F.Supp. 851, 862 (N.D.Cal.1975) (citing *Continental Ore Co. v. Union Carbide and Carbon Corp.,* 370 U.S. 690, 699, 82 S.Ct. 1404, 1410, 8 L.Ed.2d 777 (1962)). It is within the jury's province to determine the nexus between the defendants' alleged tax fraud and their motivations to conspire or conceal concerted actions.

Defendants' contention that experts may not testify as to foreign law misstates the matter at bar. At issue, however, is evidence of defendants' intent, belief and motive to conspire to assemble portfolios of tax spins to evade the law, not whether defendants indeed violated the law.

The Court recognizes the potentially prejudicial effect of the proffered evidence. Nonetheless, defendants cannot show, as required by Fed.R.Evid. 403, that the testimony's probative value is substantially outweighed by the danger of *unfair* prejudice. Because plaintiff maintains that evidence of defendants' tax fraud explains defendants' motivations to conspire to engage in circular sales at artificially depressed prices for a purpose that they knew to be improper, the probative value of evidence of tax fraud is not substantially outweighed by its potential for unfair prejudice. Accordingly, defendants' motion is denied.

SO ORDERED.